**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CLAIRMONT DONALD,

                                  Plaintiff,                        9:22-cv-793 (BKS/PJE)

v.

SERGEANT S. LEONARD, et al.,

                                  Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Clairmont Donald
18-A-2991
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

*For Defendant Sergeant S. Leonard:*
Letitia James
Attorney General of the State of New York
Olivia R. Cox
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

Plaintiff Clairmont Donald commenced this civil rights action asserting claims under 42

U.S.C. § 1983 arising out of his incarceration at Great Meadow Correctional Facility. (Dkt. No.

1). On May 31, 2024, Defendant Sergeant S. Leonard filed a motion under Federal Rule of Civil

Procedure 56 seeking summary judgment for failure to exhaust administrative remedies. (Dkt.

No. 30). The motion was fully briefed. (Dkt. Nos. 36, 37, 38, 40). This matter was referred to

United States Magistrate Judge Paul J. Evangelista who, on February 25, 2025, issued a Report-

Recommendation recommending that Defendant's motion for summary judgment be granted;

that Plaintiff's complaint as alleged against Defendant S. Leonard be dismissed; and that the Doe

defendants be dismissed without prejudice, due to Plaintiff's failure to identify and/or serve the

Doe defendants. (Dkt. No. 45). Plaintiff filed timely objections to the Report-Recommendation.

(Dkt. No. 48). For the reasons that follow, the Report-Recommendation is accepted in its

entirety.

## II.    STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v.*

*Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper

objection is one that identifies the specific portions of the [report-recommendation] that the

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.*

*Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven

a pro se party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320,

2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation

omitted). Findings and recommendations as to which there was no properly preserved objection

are reviewed for clear error. *Id*.

## III.    BACKGROUND

This action arises out of Plaintiff's allegation that Defendant Sergeant S. Leonard and

other John Doe correction officers used excessive force against him at Great Meadow

Correctional Facility on September 27, 2019. Plaintiff met with Department of Corrections and Community Supervision Office of Special Investigations ("OSI") after the incident that day and, after his meeting with OSI, he was transferred to Clinton Correctional Facility. (Dkt. No. 45, at 6). Plaintiff did not file a grievance about the use of excessive force. (Dkt. No. 1, at 8-10). In his complaint Plaintiff asserted that he did not file a grievance because it was a "non-grievable issue (per. DOCCS) Directive." (*Id.* at 10).

Magistrate Judge Evangelista determined that Plaintiff failed to raise a question of material fact as to whether he exhausted his administrative remedies. (Dkt. No. 45, at 12). The Report-Recommendation notes that excessive force claims are covered by the Prison Litigation Reform Act ("PLRA") and subject to the grievance procedure, and that Plaintiff's complaint to OSI investigators immediately after the alleged excessive force incident did not satisfy the exhaustion requirement. (*Id.* at 12–17).

Magistrate Judge Evangelista carefully considered the question of whether the grievance process was available, rejecting Plaintiff's arguments that his transfer to Clinton Correctional Facility, where he could have filed a grievance,[1] rendered the grievance process unavailable and noting that any assertion that Plaintiff did not understand the grievance process was belied by his history of grieving unrelated issues at Great Meadow Correctional Facility. (*Id.* at 18–24). Although Plaintiff did not submit any evidence (or even argue) that he failed to file a grievance because of intimidation, Magistrate Judge Evangelista considered whether Defendant's purported comment after the incident – "no no don't say nothing on what happened. Please don't tell him what happened" – rendered the grievance process unavailable. (Dkt. No. 45, at 25). Magistrate

---

[1] A grievance "may only be filed at the facility where the inmate is housed even if it pertains to another facility," 7 N.Y.C.R.R. 701.5(a)(1), and Plaintiff had twenty-one days at Clinton Correctional Facility to file a grievance. (Dkt. No. 45, at 21–22).

Judge Evangelista noted that the statement did not contain any reference to the grievance

procedure, and concluded that even if the statement could be considered a threat, fear resulting

from it would not be objectively reasonable. (Dkt. No. 45, at 26). Magistrate Judge Evangelista

concluded that Plaintiff "failed to demonstrate that defendant's alleged threat thwarted him from

'taking advantage of a grievance process through machination, misrepresentation, or

intimidation,'" and he therefore "failed to show unavailability on this ground." (*Id.*) (quoting

*Ross v. Blake*, 578 U.S. 632, 644 (2016)).

## IV.    DISCUSSION

Plaintiff objects to Magistrate Judge Evangelista's determination that administrative

remedies were available, asserting that the grievance process was not available "due to

Defendant's intimidation/implicit threats." (Dkt. No. 48, at 2). Plaintiff argues that he was

"contemporaneously intimidated and/or threatened after the assault"; that Defendant "asked"

Plaintiff not to disclose the use of excessive force to OSI; and that the grievance process was

unavailable "because of intimidation and a reasonable fear of retaliation." (*Id.* at 3–5).

"Under the PLRA, a prisoner need exhaust only 'available' administrative remedies."

*Ross*, 578 U.S. at 638. An administrative remedy is not available "when prison administrators

thwart inmates from taking advantage of a grievance process through machination,

misrepresentation, or intimidation." *Id.* at 644. However, "a generalized fear of retaliation" is

"insufficient as a matter of law to support a finding that the grievance process was unavailable in

order to overcome [his] failure to exhaust administrative remedies under the PLRA." *Lucente v.*

*Cty. of Suffolk*, 980 F.3d 284, 312 (2d Cir. 2020). An inmate must point to some affirmative

action by a prison official that prevented the inmate from availing himself of the grievance

procedures. *See Grafton v. Hesse*, 783 F. App'x 29, 31 (2d Cir. 2019) ("We have held that where

there has been no affirmative action by prison staff actually preventing prisoners from pursuing

administrative remedies, those remedies are not unavailable under the PLRA." (citing *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006))). "[V]erbal and physical threats of retaliation, physical assault, denial of grievance forms or writing implements, and transfers" have been held to "constitute such affirmative action." *Amador v. Andrews*, 655 F.3d 89, 103 (2d Cir. 2011). The inquiry into whether grievance procedures were available is "an objective one: that is, would a similarly situated individual of ordinary firmness have deemed [the grievance procedures] available." *Lucente*, 980 F.3d at 311-12 (internal quotation marks omitted).

Plaintiff raised the argument regarding unavailability due to intimidation for the first time in his objections to the Report-Recommendation. In his summary judgment submissions Plaintiff argued that the grievance procedure was unavailable because he was transferred; that he did not need to grieve a claim of excessive force; and that the grievance process was a "dead end." (Dkt. Nos. 36-1, 37-1, 40). Plaintiff did not mention Defendant's alleged comment in his affirmations or in his argument in his response papers. (Dkt. Nos. 36, 36-1, 37-1, 37-2, 40). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal citation and quotation marks omitted).

In any event, Plaintiff's claim is without merit. As Magistrate Judge Evangelista correctly noted, that there is nothing in the record to indicate that this alleged comment – "don't say nothing on what happened. Please don't tell him what happened" – had any effect on Plaintiff's failure to file a grievance. (Dkt. No. 45, at 25). In his deposition Plaintiff testified that he responded to this comment by telling Defendant "I got to say something because I don't say something, you guys would kill me." (Dkt. No. 30-5, at 25–26). Plaintiff then met with OSI, and

5

was transferred that day from Great Meadow to Clinton Correctional Facility. (Dkt. No. 36, at 3 ¶¶ 11–12). Even if the Court considered this belated argument, Plaintiff failed to raise a material issue of fact that would support a claim that the grievance process at the facility to which he was transferred after the incident was unavailable because of intimidation.

Plaintiff also asserts that the Defendant erroneously argued that he attended an orientation program on October 7, 2019 at Clinton Correctional Facility which included presentations from an Inmate Grievance Resolution Committee representation about the grievance process. (Dkt. No. 45, at 7). Plaintiff argues that he was "taken directly to an isolated mental health unit under 24 hour lockdown," where he stayed until he was transferred to Sullivan Correctional Facility on November 5, 2019. (Dkt. No. 48, at 6). In the Report-Recommendation, however, Magistrate Judge Evangelista correctly noted that "[t]o the extent plaintiff may be arguing that he did not know he could pursue his grievance, or how to pursue his grievance, after being transferred to a new facility . . . Plaintiff has not refuted Supervisor Wilcox's declaration" that Plaintiff "completed the facility orientation on October 7, 2019," which included a presentation "about the grievance process, including how to file a grievance and appeal a grievance." (Dkt. No. 45, at 21) (citing Dkt. No. 30-3, at 2, ¶ 5). Moreover, the record reflects that Plaintiff completed an orientation, which included a presentation about the grievance process, including how to file a grievance and how to appeal a grievance at Great Meadow, and that he appealed several Great Meadow grievances. (Dkt. No. 30-2, at 2, 4 ¶¶ 5, 18).

The Court has considered all of Plaintiff's objections de novo[2] and the Court agrees with Magistrate Judge Evangelista that Plaintiff has failed to raise an issue of material fact as to

---

[2] The objections not addressed above are without merit. Plaintiff argues that Magistrate Judge Evangelista erred by not crediting Plaintiff's sworn deposition, (Dkt. No. 48, at 8), but Plaintiff fails to cite any statement that was not credited. Plaintiff appears to argue that the facts underlying the availability of administrative remedies should be decided by the jury because the factual issues are intertwined the merits of his excessive force claim. (Dkt. No. 48,

whether he exhausted his administrative remedies. Having reviewed the remainder of the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

## V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 45) is accepted and adopted in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) as alleged against Defendant Sergeant S. Leonard is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Doe defendants are **DISMISSED** from this action without prejudice, due to Plaintiff's failure to identify and/or serve the Doe defendants; and it is further

**ORDERED** that the Clerk close this case and serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  September 8, 2025
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

at 10) (citing *Sanchez v. Nassau County*, 662 F. Supp.3d 369, 403–04 (E.D.N.Y. 2023)). But this argument is without merit because the Court agrees with Magistrate Judge Evangelista's determination that Plaintiff failed to raise any material issue of fact.